**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3678-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARIO CABRERA-PENA,

    Defendant-Appellant.

_____

Submitted March 8, 2022 – Decided March 24, 2022

Before Judges Fisher, Currier, and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 16-07-0516.

Joseph E. Krakora, Public Defender, attorney for appellant (Scott M. Welfel, Assistant Deputy Public Defender, of counsel and on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Mario Cabrera-Pena, and two others,[1] were charged with first-degree robbery, N.J.S.A. 2C:15-1, second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2, and other offenses arising from a holdup of a gas station in Rahway at approximately 1:00 a.m., on April 10, 2016. After the denial of their motions to suppress physical evidence and statements made to police, the three defendants were tried together. Defendant Mario Cabrera-Pena was acquitted of all the charges except third-degree theft, a lesser-included offense of the robbery charge. The judge imposed a five-year probationary sentence.

Defendant appeals, arguing:

> I. THE TRIAL JUDGE ERRED IN DENYING THE MOTION TO SUPPRESS THE EVIDENCE AS THERE WAS NO REASONABLE SUSPICION FOR THE STOP, THE OFFICER'S UNLAWFUL SEARCH OF THE VEHICLE WAS NOT A VALID PROTECTIVE SWEEP, AND THE ULTIMATE CONSENT SEARCH OF THE VEHICLE WOULD NOT HAVE OCCURRED BUT FOR THE INITIAL UNLAWFUL SEARCH AND WAS THEREFORE NOT INEVITABLE.
>
> II. THE COURT'S RESPONSES TO THE JURY'S NOTE THAT IT WAS IRRECONCILIABLY DEADLOCKED AND A SUBSEQUENT NOTE THAT AT LEAST ONE JUROR WAS NOT BEING

---

[1] The appeals of the other two defendants – Jose Mena (A-3508-18) and Angel Nunez-Hernandez (A-539-19) – are disposed of by way of separate opinions also filed today.

OBJECTIVE IMPROPERLY COERCED THE JURY TO OVERCOME ITS DEADLOCK.

III. THE COURT ERRONEOUSLY PRECLUDED DEFENDANT FROM TESTIFYING ABOUT HIS MENTAL FACULTIES AFTER CONSUMING BEER AND MARIJUANA, EXCLUDING THE ONLY REASONABLE EXPLANATION OF HOW HE FAILED TO REALIZE HIS CO-DEFENDANT WAS COMMITTING A ROBBERY, AND THEREBY DEPRIVED HIM OF HIS CONSTITUTIONAL RIGHT TO PRESENT A COMPLETE DEFENSE.

We reject defendant's first two points for the reasons expressed in the separate appeal of a co-defendant that was also filed today. See State v. Nunez-Hernandez, No. A-539-19 (App. Div. 2022). To the extent defendant raises any additional arguments about the denial of his motion to suppress based on the stop or search of the vehicle or any additional arguments about the judge's responses to notes sent by the deliberating jury, we find they have insufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

We also reject defendant's third point, in which he argues the judge erroneously precluded him from testifying about his mental faculties as the result of consuming beer and marijuana on the night of the offense. Defendant testified at trial and he based his defense to the charges on a claim that he did not realize Mena was engaged in a robbery of the gas station.

Defendant argues that the limits placed on his testimony deprived him of his constitutional right to present a complete defense. The State counters by arguing this testimony was an attempt to assert the affirmative defense of voluntary intoxication, which was not proper because defense counsel never provided the State with written notice of that defense as required by Rule 3:12-1.

To be sure, both the Federal and State Constitutions guarantee the accused "a meaningful opportunity to present a complete defense." Crane v. Kentucky, 476 U.S. 683, 690 (1986). The accused has a "fundamental right to elicit testimony favorable to the defense before the trier of fact" and that right is "essential to the due process right to a 'fair opportunity to defend against the State's accusations,' and thus 'among the minimum essentials of a fair trial.'" State v. Garron, 177 N.J. 147, 169 (2003) (quoting Chambers v. Mississippi, 410 U.S. 284, 294 (1973)). That right, "however, may . . . bow to accommodate other legitimate interests in the criminal trial process, such as established rules of evidence and procedure designed to ensure the fairness and reliability of criminal trials." Ibid. (internal quotation marks omitted). One of those rules is Rule 3:12-1, which obligates a defendant to "serve written notice on the prosecutor if the defendant intends to rely on . . . [i]ntoxication, [N.J.S.A.] 2C:2-

8(d) . . . [n]o later than seven days before the Initial Case Disposition Conference." Defendant served no such notice.

Notwithstanding the failure to serve notice of an intoxication defense, defense counsel elicited from defendant that he drank eight or nine beers on the evening of the offense. Defense counsel then asked whether, after consuming that many beers, defendant could "feel the [e]ffects" of same. At that point the State objected, arguing the defense was trying to establish an intoxication defense of which the State had no prior notice. Defense counsel argued that she was merely trying to show the effect of the alcohol on defendant's "mental state." The judge sustained the State's objection and struck counsel's question regarding how the alcohol made defendant feel. Defense counsel was permitted to elicit that defendant had been smoking marijuana on the evening of the offense.

We find no error or abuse of discretion in the trial judge's rulings nor do we view the limitations placed on defendant's testimony, if erroneous, as harmful to the defense. The judge correctly precluded defendant from doing indirectly what he had chosen not to do directly, namely, to present an intoxication defense. At the same time, defendant was allowed to testify about his consumption of alcohol and use of marijuana, from which the jury could determine defendant's state of mind during the events in question.

To the extent defendant made any other arguments we have not expressly addressed, we find they are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION